Troy A. Thielemann (174276)
Matthew M. Clarke (184959)
Dugan P. Kelley (207347)
CAPPELLO & NOEL LLP
831 State Street
Santa Barbara, California 93101
Email: tthielemann@cappellonoel.com
Email: mclarke@cappellonoel.com
Telephone: (805) 564-2444
Facsimile: (805) 965-5950

Attorneys for Plaintiffs

Siobhan A. Cullen (179838)
DRINKER BIDDLE & REATH LLP
333 South Grand Avenue, Suite 1700
Los Angeles, CA 90071-1504
Email: siobhan.cullen@dbr.com
Telephone: (213) 253-2300
Facsimile: (213) 253-2301

Jarrod D. Shaw
DRINKER BIDDLE & REATH LLP
One Logan Square
18th and Cherry Streets
Philadelphia, PA 19103-6996
Email: jarrod.shaw@dbr.com
Telephone: (215) 988-2700
Facsimile: (215) 988-2757

Attorneys for Defendants Crump Group, Inc.
and Crump Life Insurance Services, Inc.

**COURTESY COPY**
**E-Filed Document**
Filed: 1/14/09
Time: 4:00 PM

FILED
CLERK, U.S. DISTRICT COURT
JAN 20 2009
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

*Note changes at page 4.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| A. BARRY CAPPELLO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BISYS INSURANCE SERVICES, INC., et al., <br><br> Defendants. | Case No. CV08-609 GHK (PJWx) <br><br> ~~STIPULATED~~ PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL DOCUMENTS AND INFORMATION <br><br> Judge: George H. King <br> Action Filed: 11/21/07 <br> Trial Date: None |

09001.043 - 147097

Plaintiffs A. BARRY CAPPELLO, an individual; LEILA J. NOËL, an individual; CAPPELLO & NOËL LLP, formerly known as CAPPELLO & McCANN LLP, a California Limited Liability Partnership, ("Plaintiffs") and Defendants CRUMP GROUP and CRUMP GROUP, INC. ( collectively referred to as "Defendants"), by and through their respective counsel of record enter into this stipulation ("Stipulation"), subject to the approval of this Court:

1. In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under terms of this Stipulated Protective Order (hereinafter "Order"). Confidential information is information which has not been made public and which concerns or relates to the processes, operations, type or work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any persons, firm, partnership, corporation, or other organization, the disclosure of which information may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation, or to the organization from which the information was obtained. By designating a document, thing, material, testimony or other information derived therefrom as "confidential," under the terms of this order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning Federal Rules of Civil Procedure 26(g).

2. Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

3. Testimony taken at a deposition, conference, hearing or trial may be designated as confidential by making a statement to that effect on the record at the

Case 2:08-cv-00609-GHK-PJW  Document 55  Filed 01/14/2009  Page 3 of 9

deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

4. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

5. Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

    (a) counsel of record in the action and persons regularly employed in the offices of such counsel;

    (b) the parties, their affiliates, officers and directors;

    (c) any non-party who is deposed in the action, but only for and during such non-party's deposition and at no other time;

    (d) any expert or consultant that any of the parties retain to assist them in the action (including to testify at a deposition, hearing or trial in the litigation), to the extent such Confidential Materials are necessary for the experts or consultants in rendering their advice or opinions;

    (e) witnesses or deponents and their counsel, during the course of and, to the extent necessary, in preparation for and during the taking of depositions or testimony in the action, solely for the purpose of their preparation for or participation in such depositions or testimony; and

(f)   litigation support services, including outside copying services, court reporters, stenographers or companies engaged in the business of supporting litigation discovery or trial preparation, retained by a party or its counsel for the purpose of assisting that party in the litigation.

Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a non-disclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other party and for the parties.

6.  Depositions shall be taken only in the presence of qualified persons.

7.  The parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL – ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material"), in the manner described in paragraphs 2 and 3 above. Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" listed in subparagraphs 5(b) through (e) above, but shall not be disclosed to a party, or to an officer, director or employee of a party, unless otherwise agreed or ordered. If disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this order with respect to confidentiality shall also apply. In order for documents to be designated "Confidential – Attorney's Eyes Only", the documents must disclose trade secrets, personal, medical, health or financial data, unpublished financial data, proprietary or other confidential, private or sensitive information of a non-public nature and for which a designation of Confidential would not be sufficient.

8.  Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

9. If Confidential Material, including any portion of a deposition transcript designated as Confidential or Attorney's Eyes Only, is included in any papers to be filed in Court, such papers shall be labeled "Confidential--Subject to Court Order" and filed under seal until further order of this Court. *Under seal filings governed by Local Rule 79-5.1.*

10. In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

11. This Order shall be without prejudice to the right of the parties (I) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under FRCP 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

12. Inadvertent production of or failure to designate any documents or materials as Confidential Materials shall not be deemed a waiver of the producing Party's claim of confidentiality as to such documents or materials, and the producing Party or non-party may thereafter designate such information as Confidential Materials.

13. Stipulating to the terms of this Order and/or producing or receiving Confidential materials hereunder shall not:

    (a) prejudice in any way the rights of any Party to object to the production of documents (or any portions thereof) or materials on the basis of burden, relevance, responsiveness, the attorney-client or any other applicable privilege, or the work product doctrine;

    (b) prejudice in any way the rights of any Party to object to the

09001.043 - 147097

authenticity or admissibility of any document, testimony or other materials or evidence subject to this Agreement;

(c) prejudice in any way the rights of any Party to seek a determination by the Court whether any Confidential Materials have been properly designated as "Confidential" or for a protective order on the basis of relevance, responsiveness, the attorney-client or any other applicable privilege, or the work product doctrine;

(d) prejudice in any way the rights of any Party to petition the Court for a further protective order relating to any purportedly trade secrets, personal, medical, health or financial data, unpublished financial data, proprietary or other confidential, private or sensitive information of a non-public nature; or

(e) prevent the Parties to this Agreement from agreeing in writing to thereafter alter or waive the provisions or protections provided for herein with respect to any particular Confidential Materials or any information contained therein.

14. In the event that any person or Party bound by this Order is served with a valid and enforceable subpoena or is otherwise ordered by any other court and/or administrative agency of competent jurisdiction to produce documents or other materials produced by a Party under the terms of this Order, such persons or Party shall promptly notify counsel for the producing party by electronic mail and facsimile of the pendency of such subpoena or other order to produce on or no later than ten (10) days before the return date of the subpoena or other order to produce. With respect to any subpoena or request for information, the party who receives such a subpoena or request shall not produce any Confidential Materials in response to it without the prior written consent of the producing Party unless in response to an order of a court of competent jurisdiction. No party will object to the producing

09001.043 - 147097

Party having a reasonable opportunity to appear in any litigation or proceeding commanding disclosure of such Confidential Materials for the sole purpose of seeking to prevent or restrict disclosure thereof.

15.  If documents or information subject to a claim of attorney-client privilege, attorney work product, or any other ground on which production of such information should not be made to any Party is nevertheless inadvertently produced to such Party, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product, or other ground for withholding production to which the producing Party would otherwise be entitled (collectively, a "privilege").  If a claim of inadvertent production is made pursuant to this paragraph with respect to information then in the custody of the receiving Party, the receiving party shall promptly return to the producing Party those documents and information (or the portion thereof) as to which the claim of inadvertent production has been made, including any copies that are not destroyed, and the receiving Party shall not use such information for any purpose until the Court issues an order concerning the producing Party's claim that the documents were inadvertently produced.  The Party returning such documents or information may subsequently move the Court for an order compelling production of the documents or information, but any such motion shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production, unless the moving party asserts that there was no valid basis for withholding production of the documents or information.

16.  This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.  Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all

09001.043 - 147097

copies of same, or shall certify the destruction thereof.

**SO STIPULATED:**

Dated: January 14, 2009              CAPPELLO & NOËL LLP


                                     /s/ *Matthew M. Clarke*
                                     By:  Matthew M. Clarke
                                     Attorneys for Plaintiffs


Dated: January 14, 2009              DRINKER BIDDLE & REATH


                                     /s/ *Jarrod D. Shaw*
                                     By:  Jarrod D. Shaw
                                     Attorneys for Defendants Crump Group, Inc.
                                     and Crump Life Insurance Services, Inc.


IT IS SO ORDERED.

DATED: 1/20/09

[signature]

UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

# DECLARATION OF "QUALIFIED PERSON"

I, _____, declare that I have read the Protective Order entered in the action entitled *A. Barry Cappello, Leila J. Noël, Cappello & Noël LLP v. Bisys Insurance Services, Inc., The Bisys Group, Inc., Gulf Underwriters Insurance Company, The Travelers Indemnity Company, St. Paul Travelers, Crump Group, Inc., Citigroup, Inc., Bisys Commercial Services, Inc., and Does 1 through 100, inclusive,* United States District Court, Central District of California, Western Division, Case No. CV08-609 GHK (PJWx) and agree to be bound by its terms; to maintain that information designated as Confidential Information in confidence; not to use or disclose information designated as Confidential Information to anyone other than to a Qualified Person; and not to use Confidential Information except in connection with the legal proceedings in this matter, trial, preparation for trial and/or writ/appeal of this proceeding, provided that nothing shall prevent disclosure beyond the terms of this Order if the Designating Party consents in writing prior to disclosure. To effectuate my compliance with this Order, I further submit myself to the personal and subject matter jurisdiction of the United States District Court only for the purposes of determining whether there has been violation of this Stipulation and Protective Order and adjudicating any such violation.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on _____, 2009, at _____, California.

Signature of Declarant: _____

Print name: _____

Affiliation: _____

Business Address: _____

Home Address: _____

09001.043 - 147097

# Stipulation

2:08-cv-00609-GHK-PJW A. Barry Cappello et al v. Bisys Insurance Services, Inc. et al (PJWx), DISCOVERY, STAYED

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

### Notice of Electronic Filing

The following transaction was entered by Thielemann, Troy on 1/14/2009 at 4:00 PM PST and filed on 1/14/2009

**Case Name:** A. Barry Cappello et al v. Bisys Insurance Services, Inc. et al
**Case Number:** 2:08-cv-609
**Filer:** A Barry Cappello
Leila J Noel
Cappello & Noel LLP

**Document Number:** 55

**Docket Text:**
**Joint STIPULATION for Protective Order filed by Plaintiffs A Barry Cappello, Leila J Noel, Cappello & Noel LLP. (Attachments: # (1) Proposed Order Stipulated Protective Order Re Disclosure of Confidential Documents and Information)(Thielemann, Troy)**

### 2:08-cv-609 Notice has been electronically mailed to:

Daniel J Standish    dstandish@wileyrein.com

David J Billings     djb@amclaw.com, ilr@amclaw.com

David T DiBiase      dtd@amclaw.com, bjb@amclaw.com

Jarrod D Shaw        jarrod.shaw@dbr.com

Matthew M Clarke     mclarke@cappellonoel.com

Sandra T Stevens     sstevens@wileyrein.com

Siobhan A Cullen     siobhan.cullen@dbr.com, brooke.freitas@dbr.com, jennifer.saurer@dbr.com

Troy A Thielemann    tthielemann@cappellonoel.com

William T Maxson     wmaxson@wileyrein.com, LDorn@wileyrein.com, SStevens@wileyrein.com

### 2:08-cv-609 Notice has been delivered by First Class U. S. Mail or by fax to: :

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** O:\09001.043 - C&N v. Gulf Insr (Bisys)\09001.043-Pleadings-09.01.14, Joint, Stipulated Protective Order re Disclosure of Confidential Docs and Info.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=1/14/2009] [FileNumber=7111646-0]
[b4960d77a2b075c815fa9357bf2b554d5f0c291f09f2d13fbcf0fe7ba3cdfb4b6c43
276235c0b81c366d0474a7c94360501ae3370dc05f78a7eb6524f2284ea8]]
**Document description:** Proposed Order Stipulated Protective Order Re Disclosure of Confidential Documents and Information
**Original filename:** O:\09001.043 - C&N v. Gulf Insr (Bisys)\09001.043-Pleadings-09.01.14, Proposed Order.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=1/14/2009] [FileNumber=7111646-1]
[14cb5031672491132d133f456891abe8f19eeb7efee5a8535ad5f1f5915de45ab3c6
06c79be1f17ffd8ceb3451b4c57d1c132369dbf5c889a24702fd743cb385]]